**John H. VONDELL, Jr.**

v.

**INHABITANTS OF the TOWN OF MACHIAS.**

Supreme Judicial Court of Maine.

March 3, 1972.

Richard B. Sanborn, Augusta, for plaintiff

Alan D. Graves, Machias, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY and WERNICK, JJ.

WEBBER, Justice.

30 M.R.S.A., Sec. 2151, Subsec. 2(H) provides in part:

"H. The municipal officers may contract *on such terms and conditions as are in the best interests of the municipality,* including the grant of an exclusive franchise for a period not to exceed 10 years, for the placing and maintenance of community antennae television systems and appurtenances or parts thereof, along public ways * * *." (Emphasis ours)

Pursuant to this enabling Act, the defendant town on July 30, 1968 entered into a legal and binding contract with the plaintiff by which the latter was granted the exclusive "franchise and right to supply CATV services to residents of the Town of Machias." The contract contained a condition precedent in these terms:

"3. The Operator (plaintiff) agrees to install, maintain, and operate a CATV system for the residents of the Town of Machias. He further agrees that said installation shall be a so-called 'factory installation' performed by a recognized commercial CATV installation firm and that the essential parts of said system together with the main trunk cables shall be installed and in working order *within 2 years* of the date of this agreement. *In the event of a failure to perform this condition, the agreement shall be null and void and the town shall be free from all liability therefor.* The time limit may be extended by mutual agreement." (Emphasis ours)

The plaintiff by his complaint sought:

"1. A declaratory judgment that *it has* (sic) a valid franchise as set forth in the attached contract as amended.

2. An injunction, temporary and permanent, restraining the Defendant from cancelling the franchise pending the validation of the contract and permitting the Plaintiff to have a reasonable time thereafter to install said system.

3. Such other and further relief as may be reasonable and proper."

In the presentation of his case the plaintiff was compelled at the outset to recognize that he had not performed the contract according to its terms since no installation was ever begun. Thus he had the burden of proving legal excuse or justification for his breach. Plaintiff does not and indeed could not properly contend that the two year condition was not such a term or condition as was "in the best interests of the municipality" within the contemplation of the statute. The time provided for performance was not unreasonably short. Since the residents of Machias would necessarily be deprived of the desired service during the time required for installation, it was clearly in their best interests to provide a terminal limit on that period of deprivation. The plaintiff seeks to justify his

default by charging that he was prevented from performing by fault of the defendant. This contention was not adequately supported by the proof.

The Justice below resolved this issue against plaintiff's contention and on the basis of credible supportive evidence found:

"His (plaintiff's) logistical problems were complicated by the reluctance of New England Telephone and Telegraph Company to give him the permits [1] required because it questioned the execution of the contract.[2] There was no evidence from which it could be inferred that the Defendant was in any way at fault, or responsible for, this attitude of N. E. Tel. & Tel. * * *

Assuming that a contract for installation had been made between the Plaintiff and Jerrald Electronics,[3] it would require at least twelve weeks to perform after the poles were in readiness, which preparation, timewise, was not predictable. The clear inference drawn is that, on June 11, 1970, when the Plaintiff first made formal application for an alteration of the contract, he could not meet the July 30, 1970 deadline, and this without any fault of the Defendant."[4]

It is apparent from the undisputed evidence that plaintiff's inability to perform the completion condition of the contract was attributable partly if not wholly to plaintiff's unwarranted delay in undertaking the procedures necessary to the obtaining of requisite pole permits. We find no basis for a decision that the findings and conclusion of the Justice below were clearly erroneous.

We have carefully considered other arguments made by the plaintiff and find them devoid of merit. In essence they tend to beg the question. The decisive issue is whether or not the plaintiff performed or was legally excused from performing his contract. When plaintiff failed to carry his burden of proof on this issue, the case was governed by elementary principles of contract law and plaintiff could not prevail.

Appeal denied.

All Justices concurring.

ARCHIBALD, J., did not sit.

---

1. Plaintiff was under the necessity of obtaining from the Utility a permit to install his cables on poles in Machias owned by the Utility.

2. The contract between plaintiff and defendant which had in fact been fully executed by both parties on July 30, 1968.

3. No contract was ever made by plaintiff with any company for a CATV installation in Machias.

4. The same would be true as of May 26, 1970 when defendant was given its first informal inkling that plaintiff was having difficulty in obtaining pole permits.